RECEIVED

BY _____

'APR 16 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| PJG ENTERPRISES, LLC and | § | Civil Action No. 6:06-CV-1442-LO |
| PERRY J. GUIDROZ | § | |
| Plaintiffs | § | |
| | § | JUDGE MELANCON |
| v. | § | |
| | § | MAGISTRATE JUDGE METHVIN |
| TESCO CORPORATION (US) | § | |
| Defendant | § | |

## DEFENDANTS TESCO CORPORATION (US), TESCO SERVICES INC., AND TESCO CORPORATION(CANADA)'S ANSWER AND DEFENSES TO FIRST AMENDED, SUPPLEMENTAL, AND RESTATED COMPLAINT, AND TESCO CORPORATION(CANADA)'S THIRD PARTY COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendants, TESCO CORPORATION (US) ("TESCO (US)"), TESCO SERVICES, INC. ("TESCO SERVICES"), and TESCO CORPORATION (CANADA) ("TESCO (CANADA)") (collectively referred to as "Defendants" or "Tesco Defendants") who file this answer and third party complaint in response to Plaintiffs', PJG ENTERPRISES, LLC ("PJG") and PERRY J. GUIDROZ ("GUIDROZ"), First Amended, Supplemental, and Restated Complaint. Defendants collectively aver the following defenses:

### FIRST DEFENSE

Plaintiffs fail to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Defendants deny any and all liability to Plaintiffs in this proceeding as a result of the allegations contained in the Plaintiffs' complaint.

## THIRD DEFENSE

Defendants aver that there exists no contractual privity between Plaintiffs and any of the Defendants regarding the alleged oral contract between Plaintiffs and TONG SPECIALTY, LLC ("TONG SPECIALTY").

## FOURTH DEFENSE

Defendants aver that they, either individually or collectively, did not enter into any contract, oral or written, with Plaintiffs for payment of royalties for their use of the Pal Units.

## FIFTH DEFENSE

Defendants aver that they, either individually or collectively, do not owe any obligation to Plaintiffs stemming from the alleged oral contract between Plaintiffs and TONG SPECIALTY.

## SIXTH DEFENSE

Defendants aver that Plaintiffs' alleged oral contract is an obligation of a third party, TONG SPECIALTY, who was not named as a Defendant in this suit. Defendants further aver that if there is any obligation owed to Plaintiffs, it is owed by TONG SPECIALTY.

*DEFENDANTS' TESCO CORPORATION (US), TESCO SERVICES INC.,*
*AND TESCO CORPORATION (CANADA)'S ANSWER AND DEFENSES*
*TO FIRST AMENDED, SUPPLEMENTAL, AND RESTATED COMPLAINT,*
*AND TESCO CORPORATION (CANADA)'S THIRD PARTY COMPLAINT*

*Page 2 of 19*

## SEVENTH DEFENSE

Defendants aver that they, either individually or collectively, did not assume any obligation or liability of TONG SPECIALTY to Plaintiffs.  Defendants further aver that there exists no written agreement wherein any of the above named Tesco Defendants assumed the obligations or liabilities of TONG SPECIALTY to Plaintiffs.

## EIGHTH DEFENSE

Defendants aver that they, either individually or collectively, did not ratify any alleged oral agreement between Plaintiffs and TONG SPECIALTY.  Further answering, Defendants aver that there exists no written agreement wherein any of the Tesco Defendants assumed the obligations or liabilities of TONG SPECIALTY to Plaintiffs.  Defendants further aver that they, either individually or collectively, did not waive any rights, but reserved all rights and defenses pursuant to any payments made to Plaintiffs.

## NINTH DEFENSE

Defendants aver that no patent has been issued to Plaintiffs regarding the Pal Unit and, therefore, since there is no contract existing between any of the Tesco Defendants and Plaintiffs for payments allegedly owed for the use of the Pal Units, Defendants do not owe Plaintiffs any sums as alleged in its Complaint.

*DEFENDANTS' TESCO CORPORATION (US), TESCO SERVICES INC.,*
*AND TESCO CORPORATION (CANADA)'S ANSWER AND DEFENSES*
*TO FIRST AMENDED, SUPPLEMENTAL, AND RESTATED COMPLAINT,*
*AND TESCO CORPORATION (CANADA)'S THIRD PARTY COMPLAINT*

*Page 3  of 19*

## ANSWER

AND NOW FURTHER ANSWERING, Defendants TESCO (US), TESCO SERVICES, and TESCO (CANADA) respond to the individually numbered paragraphs of Plaintiffs' First Amended, Supplemental, and Restated Complaint, as follows:

1.

A.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.A. as it regards Plaintiffs' appearances, but, in an abundance of caution, nevertheless deny them.

B.      Defendants admit the allegations contained in paragraph 1.B. except that it denies that TESCO (US) is doing business in Lafayette Parish, Louisiana, and further answers that TESCO (US) is a foreign corporation organized and domiciled in the State of Delaware with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809; Defendants further aver that TESCO SERVICES is a Delaware Corporation.

C.      Defendants admit the allegations contained in paragraph 1.B [*sic*] (mislabeled by Plaintiffs, should have been "C") as they pertain to jurisdiction and venue.

2.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 as it regards the allegations relating to GUIDROZ' inventing and developing "at his own expense a pipe pick up

*DEFENDANTS' TESCO CORPORATION (US), TESCO SERVICES INC.,*
*AND TESCO CORPORATION (CANADA)'S ANSWER AND DEFENSES*
*TO FIRST AMENDED, SUPPLEMENTAL, AND RESTATED COMPLAINT,*
*AND TESCO CORPORATION (CANADA)'S THIRD PARTY COMPLAINT*

*Page 4 of 19*

and laydown machine known as the 'Pal Unit'," but nevertheless deny them. Further answering, Defendants admit the allegations of paragraph 2 as they regard their general understanding that the "Pal Unit" ... "is used for handling tubular goods during the drilling of oil and gas wells."

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, but nevertheless deny them.

4.

Defendants admit the allegations contained in paragraph 4, as they are public records on file with the Louisiana Secretary of State.

5.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, but nevertheless deny them. Further answering, Defendants deny there was any oral agreement between Plaintiffs and any of the Tesco Defendants.

6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, but nevertheless deny them.

7.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, but nevertheless deny them.

*DEFENDANTS' TESCO CORPORATION (US), TESCO SERVICES INC.,
AND TESCO CORPORATION (CANADA)'S ANSWER AND DEFENSES
TO FIRST AMENDED, SUPPLEMENTAL, AND RESTATED COMPLAINT,
AND TESCO CORPORATION (CANADA)'S THIRD PARTY COMPLAINT*

*Page 5 of 19*

8.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, but nevertheless deny them.

9.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, but nevertheless deny them.

10.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, but nevertheless deny them.

11.

Defendants deny the allegations contained in paragraph 11 as written. Defendants admit that TESCO (CANADA) acquired certain assets of TONG SPECIALTY, including several "Pal Units" pursuant to an asset purchase agreement dated November 1, 2005, but denies the remaining allegations contained in paragraph 11 for lack of sufficient information upon which to base a reasonable belief as to the accuracy thereof.

12.

Defendants deny the allegations contained in paragraph 12.

13.

Defendants deny the allegations contained in paragraph 13 as written. Defendants admit that TESCO (CANADA) acquired the PAL units.  Defendants

further admit that TESCO SERVICES used the "Pal Units," but Defendants deny that they "began paying PJG Enterprises for there [*sic*] use in accordance with the oral agreement made between TONG SPECIALTY and Petitioners." Further answering, Defendants deny there was any agreement between Plaintiffs and any of the Tesco Defendants. Defendants further aver that any payments made to Plaintiffs after November 1, 2005 were done so on behalf of TONG SPECIALTY and in "good faith," as negotiations began on Plaintiffs' claims during the transition.

14.

Defendants deny the allegations contained in paragraph 14. Further answering, Defendants deny there was any agreement between Plaintiffs and any of the Tesco Defendants.

15.

Defendants deny the allegations contained in paragraph 15 as written. However, Defendants admit the allegations contained in paragraph 15 to the extent that such use by TESCO SERVICES was pursuant to a right to use the property purchased from TONG SPECIALTY. Further answering, Defendant is not aware of a patent having been issued to Plaintiffs for Pal Units. Defendants aver that all Plaintiffs have here is an intellectual property right which is in dispute.

16.

Defendants deny the allegations contained in paragraph 16 as stated in

Plaintiffs' Complaint. Further answering, Defendant avers that TESCO SERVICES "has at least (7) Pal Units in use."

17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17; however, Defendants admit that at the time TESCO SERVICES received the assets of TONG SPECIALTY, it understood GUIDROZ to be an employee of TONG SPECIALTY. Further answering, Defendants nevertheless deny the remaining allegations.

18.

Defendants deny the allegations contained in paragraph 18 as they regard the date "on or about the end of October 2005." Defendants further deny that GUIDROZ was ever an employee of Defendant, TESCO (US). Further answering, Defendant admits that GUIDROZ became an employee of TESCO SERVICES, in Lafayette Parish, Louisiana, on or about November 1, 2005.

19.

Defendants deny the allegations contained in paragraph 19 as written. Further answering, Defendants aver that they understand that TESCO (CANADA) began negotiations with GUIDROZ, in November 2005, in an effort to reach an agreement regarding the use of the Pal Units. At this time, Defendants had no knowledge of the entity PJG.

*DEFENDANTS' TESCO CORPORATION (US), TESCO SERVICES INC.,*
*AND TESCO CORPORATION (CANADA)'S ANSWER AND DEFENSES*
*TO FIRST AMENDED, SUPPLEMENTAL, AND RESTATED COMPLAINT,*
*AND TESCO CORPORATION (CANADA)'S THIRD PARTY COMPLAINT*

*Page 8 of 19*

20.

Defendants deny the allegations contained in paragraph 20 as written.  Further answering, Defendants admit that they did not make any payment to Plaintiffs regarding the use of the Pal Units for December 2005 as alleged by Plaintiffs.

21.

Defendants deny the allegations contained in paragraph 21 as written.  Further answering, Defendants admit that they did not make any payment to Plaintiffs regarding the use of the Pal Units.

22.

Defendants deny the allegations contained in paragraph 22 as written.  Further answering, Defendants admit that TESCO (CANADA) has been unable to reach any agreement with Plaintiffs.  Additionally, Defendants aver that all negotiations with Plaintiffs were conducted by TESCO (CANADA) and, further, that the negotiations with Plaintiffs were not limited to the use of the Pal Units owned by TESCO (CANADA); the negotiations also centered on the Plaintiffs' alleged rights to the design, patent, improvements to the machines, future ownership of rights to the design of the Pal Units, and terms of employment of GUIDROZ by TESCO SERVICES.

23.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, but nevertheless deny them. Defendants aver that there were ongoing negotiations between TESCO (CANADA) and

Plaintiffs through April 24, 2006, culminating with GUIDROZ declining the last offer made by TESCO (CANADA).

24.

Defendants deny the allegations contained in paragraph 24.  Further answering, TESCO (CANADA) entered into an Asset Purchase Agreement dated November 1, 2005 with TONG SPECIALTY which, with consent of TONG SPECIALTY, was assigned by TESCO (CANADA) to TESCO OMEGA ACQUISITIONS, LP, a Delaware Limited Partnership, ("TESCO (OMEGA)"), who in turn acquired the "Pal Units" from TONG SPECIALTY and subsequently transferred them to TESCO SERVICES.

25.

Defendants deny the allegations contained in paragraph 25.

26.

Defendants deny the allegations contained in paragraph 26.

27.

Defendants deny the allegations contained in paragraph 27.

28.

Defendants deny the allegations contained in paragraph 28.

29.

Defendants deny the allegations contained in paragraph 29.

30.

Defendants deny the allegations contained in paragraph 30.

*DEFENDANTS' TESCO CORPORATION (US), TESCO SERVICES INC.,*
*AND TESCO CORPORATION (CANADA)'S ANSWER AND DEFENSES*
*TO FIRST AMENDED, SUPPLEMENTAL, AND RESTATED COMPLAINT,*
*AND TESCO CORPORATION (CANADA)'S THIRD PARTY COMPLAINT*

*Page 10  of 19*

31.

Defendants deny the allegations contained in paragraph 31.

32.

Defendants deny the allegations contained in paragraph 32.

33.

Defendants are not called upon to admit or deny the allegations of paragraph 33, of the petition, but nevertheless deny them and re-aver all of their defenses and answers by reference as if fully set forth herein.

34.

Defendants deny the allegations contained in paragraph 34.

35.

Defendants deny the allegations contained in paragraph 35.

36.

Defendants deny the allegations contained in paragraph 36.

37.

Defendants deny the allegations contained in paragraph 37.

38.

Defendants deny the allegations contained in paragraph 38.

39.

Defendants deny the allegations contained in paragraph 39.

*DEFENDANTS' TESCO CORPORATION (US), TESCO SERVICES INC.,*
*AND TESCO CORPORATION (CANADA)'S ANSWER AND DEFENSES*
*TO FIRST AMENDED, SUPPLEMENTAL, AND RESTATED COMPLAINT,*
*AND TESCO CORPORATION (CANADA)'S THIRD PARTY COMPLAINT*

*Page 11  of 19*

40.

Defendants deny the allegations contained in paragraph 40.

41.

Defendants are not called upon to admit or deny the allegations of paragraph 41, of the petition, but nevertheless deny them.

42.

Defendants are not called upon to admit or deny the allegations of the "Wherefore" or "prayer for relief" paragraph; however, out of an abundance of caution, the allegations of the "Wherefore" paragraph of the Plaintiffs' First Amended, Supplemental, and Restated Complaint are merely conclusory, requiring neither admission nor denial, but in the event that an answer is required, the same are denied, including the sub-parts.

43.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, TESCO CORPORATION (US), TESCO SERVICES, INC., and TESCO CORPORATION (CANADA) pray that these defenses and answers be deemed good and sufficient, and that after due proceedings had, that the court enter a judgment that Plaintiffs take nothing, dismissing Plaintiffs' suit with full prejudice, assessing all costs against Plaintiffs, and awarding Defendants all other relief to which they are entitled.

## THIRD PARTY COMPLAINT

AND NOW, assuming the position of Third Party Plaintiff, comes TESCO

CORPORATION (CANADA) ("TESCO (CANADA)"), an Alberta Corporation, having

its principal place of business located at 5616 - 80th Avenue SE, Calgary, Alberta,

CANADA  T2C 4N5, who respectfully submits, as follows:

44.

Made third-party defendants herein are as follows:

a.  TONG SPECIALTY, L.L.C. ("TONG SPECIALTY"), formerly a
Louisiana limited liability company, which formerly had its principal
place of business in Lafayette Parish, Louisiana, merged into LAMB
ENERGY SERVICES, L.L.C., a Delaware limited liability company;
domiciled in Wilmington, Delaware, effective December 6, 2005;

b.  LAMB ENERGY SERVICES, L.L.C. ("LAMB ENERGY"), a Delaware
limited liability company, domiciled at 1209 Orange Street,
Wilmington, Delaware 19801; which has its principal place of business
located in Lafayette Parish, Louisiana, at 2801 S.E. Evangeline
Thwy., Lafayette, Louisiana  70508; and may be served with process
by serving its registered agent, Robert S. Taylor, 1105 Peters Road,
Harvey, Louisiana 70058;

c.  SESI OF DELAWARE, L.L.C., a/k/a SESI, L.L.C., ("SESI"), a
Delaware limited liability company, domiciled at 15 East North St.,
Dover, Delaware 19901; which has its principal place of business
located in Jefferson Parish, Louisiana at 1105 Peters Road, Harvey,
Louisiana 70058; and may be served with process by serving its
registered agent,  Robert S. Taylor, 1105 Peters Road, Harvey,
Louisiana 70058;

d.  LES, INC. ("LES"), a Louisiana corporation, domiciled in Lafayette
Parish, Louisiana, at 2801 S.E. Evangeline Thwy., Lafayette,
Louisiana  70508; and may be served with process by serving its
registered agent, Edward R. Lamb, 402 Woods Crossing, Lafayette,
Louisiana 70508;

      e.  EDWARD R. LAMB ("<u>LAMB</u>"), a resident and domicillary of Lafayette Parish, Louisiana, and may be served with process at 402 Woods Crossing, Lafayette, Louisiana 70508;

      f.  DONALD DAIGLE ("<u>DAIGLE</u>"), a resident and domicillary of Evangeline Parish, Louisiana, and may be served with process at 14727 U.S. Hwy. 190 West, Opelousas, Louisiana 70570; and

      g.  STACEY M. REAUX ("<u>REAUX</u>") a resident and domicillary of Lafayette Parish, Louisiana, and may be served with process at 103 Winslow Blvd., Lafayette, Louisiana 70508;

who will be collectively referred to herein as the "<u>Sellers</u>" or "<u>Third-Party Defendants</u>."

45.

On March 21, 2007, the Court signed an order granting Plaintiffs leave to file their First Amended, Supplemental, and Restated Complaint, which added TESCO (CANADA) as a Defendant in this matter.

46.

TESCO (CANADA), is a Defendant in the principal action, is filing its Answer herein in which it denies that it, along with the other Tesco Defendants, is liable, or owes any damages to the Plaintiffs in the principal action. However, to the extent that such liability or damages may, nevertheless, be established, the Third-Party Defendants Sellers are liable unto TESCO (CANADA) to the extent of such liability or damages, for the reasons expressed herein.

47.

TONG SPECIALTY, the predecessor-in-title to LAMB ENERGY, SESI, LAMB

ENERGY, LES, LAMB, DAIGLE, and REAUX as Sellers, and TESCO (CANADA), as

Purchaser, entered into that certain Asset Purchase Agreement dated November 1,

2005 (the "APA") by which Sellers agreed to sell to TESCO (CANADA) certain property

described in the APA, subject to the terms and conditions of that agreement.

48.

The matters at issue herein involved certain assets that were sold to TESCO

(CANADA) and were the subject of the APA and the terms and conditions of the APA

are applicable.

49.

In the APA, the Sellers warranted and represented that they were the lawful

owners of and had good and valid record and marketable title to all assets acquired by

TESCO (CANADA) in the APA.

50.

The APA included indemnity provisions by which the Sellers agreed to

indemnify TESCO (CANADA) for all liabilities and obligations arising after the

effective date of the APA.

51.

Additionally, as included in the APA, the Sellers acknowledged and agreed that

they are responsible for and shall indemnify and hold harmless Purchaser from and

against any and all claims, liabilities, losses or obligations arising out of or in connection the Acquired Assets, including any contracts, agreements or instruments to which Sellers or any of their affiliates were a party or any of the acquired assets are bound, whether or not relating to their business other than liabilities arising after the closing of the APA.

52.

Sellers are jointly and severally liable to indemnify and hold TESCO (CANADA) harmless from and with respect to any and all claims, liabilities, losses, damages, costs, and expenses, including, without limitation, the reasonable fees and disbursements of counsel, related to or arising directly or indirectly out of any inaccuracies in any representation or warranty made by them in or pursuant to the terms and conditions of the APA.

53.

On or about August 10, 2006, TESCO (US) was served with a state court petition from Plaintiffs in the principal action, PJG ENTERPRISES, LLC ("PJG") and PERRY J. GUIDROZ ("GUIDROZ"), claiming breach of contract, conversion, unjust enrichment, unfair trade practices, and for monies owed pursuant to what they allege is TESCO (US)'s ratification, confirmation, assumption, and/or subrogation of an alleged oral agreement between PJG/GUIDROZ and TONG SPECIALTY for royalty payments in the amount of 13% of the invoiced rental and labor relating to the commercial use and rental of the PAL Units, which were included in the APA.

54.

Following removal to federal court, PJG and Guidroz filed an Amended Complaint, on March 16, 2007, adding TESCO (CANADA) and TESCO SERVICES as additional defendants, for the same claims which were previously made against TESCO (US), as listed above in paragraph 53.

55.

Pursuant to the terms and conditions of the APA, TESCO (CANADA) made formal demand, via certified mail, to the Sellers requesting indemnification, on August 17, 2006, as required pursuant to the terms and conditions of the APA.

56.

On October 2, 2006, counsel for the Sellers denied indemnification, stating that TESCO (CANADA)'s claim is without merit and that none of the Sellers have any liability related to or arising out of the matters as claimed by TESCO (CANADA).

57.

Accordingly, TESCO (CANADA) makes this claim for contractual indemnity from the Sellers pursuant to the terms and conditions as more fully stated in the APA dated November 1, 2005.

58.

WHEREFORE, for these foregoing reasons, Defendant, TESCO CORPORATION (CANADA), prays for judgment against third-party defendants TONG SPECIALTY, L.L.C., LAMB ENERGY SERVICES, L.L.C. SESI OF DELAWARE, L.L.C., LES, INC.,

EDWARD R. LAMB, DONALD DAIGLE, STACEY M. REAUX, jointly and severally, for damages resulting from any judgment that may be entered against TESCO CORPORATION (CANADA) or any of the other Tesco Defendants, and for reasonable attorneys' fees and costs incurred in its defense, all pursuant to the terms and conditions of the Asset Purchase Agreement dated November 1, 2005, and for all other relief to which defendant is entitled.

Respectfully submitted:
**OTTINGER/HEBERT, L.L.C.**

_____
Paul J. Hebert, La. Bar No. 6738
J. Bradley Duhé, La. Bar No. 23468
Post Office Box 52606
Lafayette, LA  70505-2606
Telephone (337) 232-2606
Telecopier  (337) 232-9867

*and*

**ANDREWS & KURTH, L.L.P.**
Appearing *pro hac vice*:
David P. Griffith, Tex. Bar No. 08479350
600 Travis, Ste. 4200
Houston, Texas   77002
Telephone (713) 220-4725
Telecopier (713) 238-7376

*ATTORNEYS FOR DEFENDANTS
TESCO CORPORTATION (US),
TESCO SERVICES INC., and
TESCO CORPORATION(CANADA)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing, Defendants' Tesco Corporation (US), Tesco Services Inc., and Tesco Corporation(CANADA)'s Answer and Defenses to First Amended, Supplemental, and Restated Complaint, and Tesco Corporation(CANADA)'s Third Party Complaint, has this day been forwarded to all counsel of record, as follows:

> WILLIAM W. STAGG
> MICHAEL J. VALLAN
> Durio, McGoffin, Stagg & Ackermann, P.C.
> 220 Heymann Boulevard
> P.O. Box 51308
> Lafayette, Louisiana 70505

either by depositing a copy of same in the United States Mail, properly addressed and postage prepaid, via facsimile and/or hand-delivery.

Lafayette, Louisiana, this _____ day of April, 2007.

_____
J. Bradley Duhé

*DEFENDANTS' TESCO CORPORATION (US), TESCO SERVICES INC.,*
*AND TESCO CORPORATION (CANADA)'S ANSWER AND DEFENSES*
*TO FIRST AMENDED, SUPPLEMENTAL, AND RESTATED COMPLAINT,*
*AND TESCO CORPORATION (CANADA)'S THIRD PARTY COMPLAINT*

*Page 19 of 19*